■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for Park Row Extension Urban Renewal Project Within the Area Bounded by Park Street and Other Streets, in the Borough of Manhattan. SONIA KITZES et al., Appellants; CHEMICAL BANK NEW YORK TRUST COMPANY et al., Respondents.— Third separate and partial final decree insofar as appealed from affirmed, with costs to prevailing parties. With respect to DPs 15 and 35, which were used as parking lots, there was a lack of proof both of reasonable rental value and income and that the use as parking lots represented the highest and best use of the land. As to DP 15, there was no credible evidence of the existence of a leasehold. The attempted capitalized net rental method for DP 35 finds no support in the record. Concur — McNally and Stevens, JJ.; Botein, P. J., and Steuer, J., dissent in part with respect to Damage Parcels 1 and 10 in a memorandum by Steuer, J, and Eager, J., dissents in part with respect to Damage Parcels 15 and 35 in a memorandum. Steuer, J. (dissenting in part). I dissent as to Damage Parcels 1 and 10. On the former, the respective experts are in practical accord as to method of appraisal, rentals, expenses and capitalization rate. The difference lies in claimant's expert's assumption that a tenant could be found for the upper floors who would pay all the expenses of the building. In view of the fact that these floors had been vacant for years and no tenants had been found willing to rent them at any reasonable price, such an assumption should not be the basis of an award. Without this factor the city expert's estimate of building value stands unchallenged. Adding to that the court's estimate of land value, the value of the parcel would be $97,000, and I vote to reduce the award to that sum. As to Damage Parcel number 10, an estimate of rental value is more difficult by virtue of the fact that the purported leases were not arm's-length transactions but merely inter-company agreements. Claimant's estimates were not realistic in that space was evaluated on an over-all basis without differences for certain parts — particularly roof and basement space — which would obviously not command the high prices that other space might justify. On the other hand, this building appeared to

be superior to others in the neighborhood and the city's estimates based on supposedly comparable buildings were not acceptable. In addition, the purchase price of $64,000 in 1953 should be given weight. Considering all these factors, I would arrive at a value of $94,000, to which amount I believe the award should be reduced. Eager, J. (dissenting in part). I would modify the decree to vacate the awards with respect to parcels 15 and 35 and remand to the same trial court for further consideration of the matter, with leave to the parties to present further evidence. I agree with the majority that the proofs are unsatisfactory to establish the value of the parcels on the basis urged by the claimant, namely, on the basis of the availability and use of the parcels as parking lots. Furthermore, it appears from the statements of the trial court at the time of the hearing of the objections to the award that he did not take into consideration such use and availability. Since this trial occurred prior to our decisions in *Matter of City of New York* (*Park Row Slum Clearance Project*) (17 A D 2d 534) and *Matter of City of New York* (*Fairfield Trust*) (19 A D 2d 44) and in view of the failure of the parties to properly and fully develop the factors which are relevant on the question of the value of these parcels for parking lot purposes, in my opinion, and in the interests of justice, the matter should be remanded for further proceedings. (Cf. *Matter of Pepsi-Cola Co.* v. *Tax Comm.*, 19 A D 2d 56, 61.) Settle order on notice.